**WINN–DIXIE STORES, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

· No. 73–2410.

United States Court of Appeals,
Fourth Circuit.

Argued May 9, 1974.

Decided Sept. 18, 1974.

Charles F. Henley, Jr., Jacksonville, Fla. (Hamilton & Bowden, Jacksonville, Fla., on brief), for petitioner.

William H. DuRoss, III, Atty., N. L. R. B. (Peter G. Nash, Gen. Counsel, N. L. R. B., John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and Jane P. Schlaifer, Atty., Washington, D. C., on brief), for respondent.

Before BRYAN, Senior Circuit Judge, and BUTZNER and FIELD, Circuit Judges.

PER CURIAM:

The sole issue raised by this petition for review, and cross-application for enforcement, of an order of the National Labor Relations Board is whether back pay for three illegally discharged employees should be tolled during an economic strike that followed their discharge.[1] The administrative law judge, noting that the discharged employees were active adherents of the union, concluded that it was reasonable to presume that they would not have accepted work while the strike was in progress. He, therefore, tolled back pay during the period of the strike, although the employer had made no offer of reinstatement.

The Board reversed.[2] It held that any uncertainty about whether the three employees would have participated in the strike should be resolved against the employer. The Board reasoned that the employer's illegal action caused the uncertainty, which it could dispel at any

1. The underlying controversy is set out in Winn-Dixie Stores, Inc. v. NLRB, 448 F.2d 8 (4th Cir. 1971), which upheld the Board's determination of illegal discharge.

2. Winn-Dixie Stores, Inc., 206 NLRB 125 (1973).

time by an offer of reinstatement. The fact that one of the employees sought reemployment during the strike illustrated to the Board the fallacy of presuming that a union adherent will invariably continue to support a strike throughout its duration. Consequently, it concluded that the company had failed to prove that the discharged employees were not available for work.

■■ The company rests its argument for denial of enforcement largely on NLRB v. Rogers, 406 F.2d 1106 (1970), and 427 F.2d 712 (6th Cir. 1970). In *Rogers*, the court, holding that pro-union activity was relevant, ultimately concluded the Board's order lacked substantial evidentiary support.

However, we do not find that infirmity in the facts and the inferences that can be reasonably drawn from the evidence in the case presently before us. Furthermore, we believe that the creation of a *per se* rule requiring back pay for an illegally discharged active union adherent to be tolled during a subsequent economic strike would be an unwarranted intrusion on the Board's responsibility to fashion appropriate remedies to implement the Act. *See* Virginia Electric & Power Co. v. NLRB, 319 U.S. 533, 63 S.Ct. 1214, 87 L.Ed. 1568 (1942).

For reasons adequately stated by the Board, we believe that back pay should not be tolled. Enforcement is therefore granted.